UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ILLINOIS CASUALTY COMPANY,<br><br>     Plaintiff,<br><br>v.<br><br>J.P. PARKING, INC. D/B/A BEACH GIRLS,<br><br>     Defendant. | CASE NO. 4:23-cv-00076<br><br><br>**COMPLAINT FOR DECLARATORY<br>JUDGMENT** |

COMES NOW Defendant Illinois Casualty Company, by and through the undersigned counsel, pursuant to 28 U.S.C. § 2201, and for its Complaint for Declaratory Judgment, states:

## **INTRODUCTION**

1.      Plaintiff Illinois Casualty Company seeks a declaration of coverage pursuant to 28 U.S.C. § 2201.

2.      Specifically, this is an action for declaratory judgment for the purpose of determining a question of actual controversy between and among the parties.  Plaintiff Illinois Casualty Company prays for a declaratory judgment that it does not owe a duty to defend and/or indemnify Defendant J.P. Parking, Inc. DBA Beach Girls (hereinafter "J.P. Parking, Inc."), under their Business Liability Form for claims asserted against them in an underlying lawsuit filed against them in the U.S. District Court for the Southern District of Iowa as Case Number 4:22-cv-00146-SMR-SBJ, captioned *Brooke Johnson, et al. vs. J.P. Parking, Inc. dba Beach Girls*.  A true and correct copy of the Underlying Complaint is attached hereto as Exhibit "A".

## PARTIES AND JURISDICTION

3.      Plaintiff, Illinois Casualty Company, is a foreign insurance corporation organized and existing under the laws of the State of Illinois and authorized to do business in the State of Iowa.

4.      Plaintiff, Illinois Casualty Company, at all times relevant to this Complaint, was an insurance company doing business in West Des Moines, Dallas County, Iowa.

5.      Defendant J.P. Parking, Inc., at all times relevant to this Complaint, was an Iowa corporation with its principal place of business in West Des Moines, Dallas County, Iowa.

6.      This case and controversy involves citizens of different states.

7.      The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

8.      This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

9.      Venue is proper in the United States District Court for the Southern District of Iowa under 28 U.S.C. § 1391(a) because all Defendants are citizens and residents of the State of Iowa and a substantial amount of the events and occurrences giving rising to this action occurred in this District.

## THE UNDERLYING LAWSUIT

10.      On May 4, 2022, Plaintiffs Brooke Johnson, Denise Trlica, Jamie Middleton, Jessica Rockwell, Joanna Krupa, Lucy Pinder, Rosie Wicks, and Tiffany Toth (hereinafter collectively referred to as "Underlying Plaintiffs") filed a Complaint in the United States District Court for the Southern District of Iowa captioned as *Brooke Johnson, et al. vs. J.P. Parking, Inc. d/b/a Beach Girls* and assigned Case Number 4:22-cv-00146.

2

11.     Underlying Plaintiffs allege that J.P. Parking, Inc. used Underlying Plaintiffs' modeling images and likeness in their social media and/or internet advertisements.

12.     Underlying Plaintiff Denise Trlica alleges her modeling images and likeness were posted by J.P. Parking, Inc. in their social media and/or internet advertisements as early as February 14, 2013.

13.     Underlying Plaintiff Jamie Middleton alleges her modeling images and likeness were posted by J.P. Parking, Inc. in their social media and/or internet advertisements as early as November 2, 2014.

14.     Underlying Plaintiff Jessica Rockwell alleges her modeling images and likeness were posted by J.P. Parking, Inc. in their social media and/or internet advertisements as early as September 19, 2014.

15.     Underlying Plaintiff Joanna Krupa alleges her modeling images and likeness were posted by J.P. Parking, Inc. in their social media and/or internet advertisements as early as February 15, 2012.

16.     Underlying Plaintiff Lucy Pinder alleges her modeling images and likeness were posted by J.P. Parking, Inc. in their social media and/or internet advertisements as early as May 21, 2013.

17.     Underlying Plaintiff Rosie Wicks alleges her modeling images and likeness were posted by J.P. Parking, Inc. in their social media and/or internet advertisements as early as March 14, 2013.

18.     Underlying Plaintiff Tiffany Toth Gray alleges her modeling images and likeness were posted by J.P. Parking, Inc. in their social media and/or internet advertisements as early as August 27, 2013.

19.     Underlying Plaintiffs allege the following causes of action against J.P. Parking, Inc. arising out of the publication of the aforementioned images and likeness: (1) Violations of the Lanham Act, 15 U.S.C. 1125(a) subsections (a)(1)(A) and (a)(1)(B); (2) Common Law Right of Publicity; (3) Right of Privacy – Appropriation; (4) Right of Privacy – False Light; (5) Conversion; (6) Unfair Competition; (7) Negligence; (8) Unjust Enrichment.

20.     Plaintiffs allege said publication resulted in damages that flow from the "exploitation" or "unauthorized use" of their "images, likenesses, identities, trade dress, or advertising ideas."

## THE ILLINOIS CASUALTY COMPANY POLICIES

21.     Plaintiff Illinois Casualty Company issued Businessowners Policy No. BP21911 to J.P. Parking, Inc. DBA Beach Girls, which had policies in effect on an annual basis from September 17, 2015 through September 17, 2022. True, correct, and certified copies of the Illinois Casualty Company Policies (with premium and other financial information redacted) issued to J.P. Parking, Inc. are attached hereto as Exhibit "B".

22.     Plaintiff Illinois Casualty Company expressly adopts and incorporates by reference all of the declarations, terms, conditions, provisions, definitions, limitations, exclusions, deductibles, retentions, and endorsements of Illinois Casualty Company Businessowners Policy No. BP21911 attached hereto as Exhibits "B". In that regard, as discovery progresses, it is possible that additional information may come to light that supports additional policy defenses or coverage defenses and Illinois Casualty Company expressly reserves the right to seek leave to amend this Complaint and raise any such additional defenses in the future.

## COUNT I – DECLARATORY JUDGMENT

## NO COVERAGE IS AFFORDED UNDER POLICIES' BUSINESS LIABILITY COVERAGE

23.     Plaintiff Illinois Casualty Company reincorporates the allegations contained in all preceding paragraphs as if fully set forth herein.

24.     On September 17, 2015, Plaintiff Illinois Casualty Company issued Businessowners Policy No. BP21911, providing, amongst other things, Business Liability coverage.

25.     There is no potential coverage for J.P. Parking, Inc. for the Underlying Complaint under Illinois Casualty Company Businessowners Policy No. BP21911's Business Liability Form, as the Underlying Complaint does not fall within the insuring agreements and the alleged conduct of J.P. Parking, Inc. is not covered by, or would otherwise be excluded pursuant to the Policies' various exclusions, including but not limited to those specifically cited herein.

26.     For instance, the Business Liability coverage only applies to "bodily injury" or "property damage" caused by an "occurrence" and/or "personal and advertising injury."

27.     Plaintiffs do not allege to have suffered bodily injury or property damage, nor do they seek damages for the same.

28.     The damages sought by Underlying Plaintiffs constitute economic damages and statutory privacy and trademark damages based on the "exploitation" or "unauthorized use" of their "images, likenesses, identities, trade dress, or advertising ideas."

29.     With regard to "personal and advertising injury," the Policies do not provide coverage for "personal and advertising injury" that arises out of a publication "whose first publication took place before the beginning of the policy period."

30.     Illinois Casualty Company Businessowners Policy No. BP21911's coverage period commenced on September 17, 2015.

31.     Underlying Plaintiffs allege J.P. Parking, Inc.'s use of their modeling images and likeness in their social media and/or internet advertisements first commenced prior to September 17, 2015, the beginning of the Business Liability coverage period.

32.     In addition, and in the alternative, the Business Liability coverage does not apply to "Multimedia Liability" as defined under the Cyber Protection endorsement.

33.     The Cyber Protection endorsement defines "multimedia peril" as the release or display of any "electronic media" on your "internet" site or "print media" for which the insured is solely responsible which directly results in a number of issues, including any form of defamation, tort related to disparagement or harm to reputation, invasion of privacy (including false light or commercial misappropriation of name, person or likeness), and infringement of trademark or copyright.

34.     Underlying Plaintiffs allege that J.P. Parking, Inc. used Underlying Plaintiffs' modeling images and likeness in their social media and/or internet advertisements.

35.     Underlying Plaintiffs allege said publication resulted in damages that flow from the "exploitation" and/or "unauthorized use" of their "images, likenesses, identities, trade dress, or advertising ideas."

36.     Moreover, Underlying Plaintiffs explicitly allege damages resulting from J.P. Parking, Inc.'s violation their "right of privacy."

37.     In addition, and in the alternative, the allegations of the Underlying Lawsuit trigger Exclusion w.(2) of the Illinois Casualty Company Businessowners Policy No. BP21911, which excludes coverage for any liability "arising directly or indirectly out of any action or

omission that violates or is alleged to violate . . . [a]ny federal, state, or local statute, ordinance or

regulation, other than TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and

additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting,

recording, sending, transmitting, communicating or distribution of material or information."

38.     Underlying Plaintiffs allege the conduct at issue, J.P. Parking, Inc.'s use of

Underlying Plaintiffs' modeling images and likeness in their social media and/or internet

advertisements, violated the Lanham Act, 15 U.S.C. 1125(a) subsections (a)(1)(A) and (a)(1)(B).

39.     The Lanham Act explicitly addresses, prohibits, or limits the dissemination of

material or information.

40.     In addition, and in the alternative, the Underlying Complaint triggers other

Business Liability coverage exclusions, including but not limited to those cited herein.

41.     For instance, the Business Liability coverage excludes coverage for (1) claims

based on "infringement of copyright" and "other intellectual property rights"; and (2) claims

involving "conversion".

42.     Underlying Plaintiffs allege causes of action against J.P. Parking, Inc. that involve

"infringement of copyright," including but not limited to violation of the Lanham Act.

43.     Underlying Plaintiffs allege J.P. Parking, Inc.'s conduct at issue involved

"conversion."

44.     As such, no potential coverage or duty to defend or indemnify J.P. Parking, Inc. is

owed under the Policies' Business Liability coverage.

WHEREFORE, Plaintiff Illinois Casualty Company prays that this Court enter judgment

in its favor and against the Defendants, with such judgment (1) declaring that J.P. Parking, Inc. is

not entitled to any insurance-coverage rights or benefits from Plaintiff under Illinois Casualty

Company Policy No. BP21911's Business Liability coverage, and that Plaintiff has no duty under said coverage to defend or to indemnify them in the Underlying Lawsuit and/or with respect to any other claim made in connection with or otherwise arising out of the incident allegedly giving rise to the Underlying Lawsuit, and (2) awarding any and all other applicable relief the Court deems equitable.

### JURY DEMAND

COMES NOW, Plaintiff Illinois Casualty Company, and hereby requests a trial by jury in the above cause of action.

Respectfully submitted,

GREFE & SIDNEY, P.L.C.

By:  */s/ Guy R. Cook*
    Guy R. Cook   AT0001623

By:  */s/ Benjamin T. Erickson*
    Benjamin T. Erickson  AT0012927

    500 E. Court Avenue, Suite 200
    Des Moines, IA  50309
    Phone:  515/245-4300
    Fax: 515/245-4452
    gcook@grefesidney.com
    berickson@grefesidney.com

ATTORNEYS FOR PLAINTIFF